**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                )
PHOTOGRAPHIC ILLUSTRATORS CORP.,   )
                                                )
                      Plaintiff,    )
                                                )    Civil Action
v.                                              )    No. 14-11818-PBS
                                                )
ORGILL, INC.,                                   )
                                                )
                      Defendant.    )
_____ )

**MEMORANDUM AND ORDER**

June 8, 2020

Saris, D.J.

     Defendant Orgill, Inc. moves for attorneys' fees incurred during its successful defense of this copyright suit brought by Photographic Illustrators Corporation ("PIC"). The Court "may . . . award a reasonable attorney's fee to the prevailing party" in a copyright action pursuant to 17 U.S.C. § 505. For the following reasons, the Court declines to award fees here and **DENIES** Orgill's motion [Dkt. 216]. The Court assumes familiarity with its prior orders in this case and does not recount the factual or procedural history except as necessary.

     Under 17 U.S.C. § 505, district courts have "wide latitude to award attorney's fees based on the totality of circumstances in a case." Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979, 1985 (2016). Courts "must make a . . . particularized,

1

case-by-case assessment." Id. In exercising their discretion, district courts "should give substantial weight to the objective reasonableness of the losing party's position." Id. at 1983. Reasonableness is an "important" but not "controlling" factor. Id. at 1988. Courts should also consider such factors as "a party's litigation misconduct" and the need for deterrence of "repeated instances of copyright infringement or overaggressive assertions of copyright claims." Id. at 1989. Courts must treat prevailing plaintiffs and defendants "even-handedly" in this multi-factor analysis. Id. at 1988.

PIC's litigation position was not objectively unreasonable. During the first round of summary judgment briefing before this Court, PIC largely prevailed and survived summary judgment on Orgill's sub-license defense. The case was then stayed pending an arbitration between PIC and its licensee, Sylvania, from whom Orgill alleged it had sub-licensed the copyrighted images at issue. PIC prevailed before the arbitrator on its contract claim obtaining a judgment of over $9.5 million against Sylvania, as well as over $5 million in attorneys' fees and costs. It did not prevail on its copyright claim, however.

This Court then reopened proceedings for a second round of summary judgment briefing between PIC and Orgill. Orgill relied heavily on the preclusive effect of the arbitrator's distinction between "conditions" and "covenants" in the license agreement

between PIC and Sylvania, an issue Orgill had not raised during the first summary judgment phase. During this second stage of summary judgment briefing and then on appeal to the First Circuit, PIC argued that implied sublicenses are a "legal impossibility" or, in the alternative, that a reasonable factfinder could determine no implied sublicense was granted by Sylvania to Orgill.

The First Circuit identified the legal impossibility argument as a "case of first impression in the circuit courts" and wrote that it was "for the most part in uncharted waters." Photographic Illustrators Corp. v. Orgill, Inc., 953 F.3d 56, 58, 60 (1st Cir. 2020). The First Circuit's opinion then carefully considered the parties' statutory, practical, and public policy-based arguments before it upheld this Court's determination that a sublicense may be implied. Id. at 60–64. PIC's litigation position regarding legal impossibility, while ultimately unsuccessful, was a novel argument that was not objectively baseless. In this case against Orgill, PIC has not taken an unreasonable litigation position, a factor this Court gives "substantial weight." Kirtsaeng, 136 S. Ct. at 1983.

In addition, PIC did not engage in litigation misconduct. Although PIC arguably employed overly aggressive litigation tactics by filing a slew of lawsuits against small-business sublicensees of Sylvania when its primary dispute was with

3

Sylvania itself, this conduct was not so egregious as to outweigh the other relevant factors. See, e.g., Photographic Illustrators Corp. v. A.W. Graham Lumber, LLC, 196 F. Supp. 3d 123, 126 (D. Mass. 2016) (transferring to Eastern District of Kentucky copyright suit brought by PIC against family-owned and -operated hardware store with 30 employees and single brick-and-mortar store). On balance, the Court concludes in its discretion that Orgill should not recover attorneys' fees in this action.

In any event, Orgill is not entitled to recover appellate fees through an application to the district court. See 1st Cir. R. 39.1(b) (requiring appellate fees application be made to the First Circuit, which can then choose to remand to the district court for determination).

**ORDER**

Orgill's motion for attorneys' fees [Dkt. 216] is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge